**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Petar Kilibarda, a single man, | No. CV-12-01381-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| M. Bjorn Petersen Transportation, Inc., a Utah Corporation, | |
| Defendant. | |

Pending before the Court is Defendant M. Bjorn Petersen Transportation, Inc.'s Motion for Judgment on the Pleadings (Doc. 12) and Plaintiff Petar Kilibarda's Motion for Leave to Seek Sanctions (Doc. 16). For the reasons discussed below, Defendant's Motion is granted in part and denied in part, and Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff Petar Kilibarda ("Kilibarda") is an independent driver and an owner-operator of a tractor based in Arizona. He leases and drives his equipment for commercial motor carriers. (Doc. 1 ¶ 1.) Defendant M. Bjorn Petersen Transportation, Inc. ("Petersen") is a Utah corporation and a regulated motor carrier that provides transportation services to the shipping public on a nationwide basis under authority granted by the U.S. Department of Transportation. (Doc. 1 ¶ 2.) Kilibarda brings suit against Petersen over a lease agreement for commercial transportation. (Doc. 1 ¶ 11.)

Kilibarda and Petersen agreed to a lease arrangement for Kilibarda's tractor and

driver in October 2010. (Doc. 1 ¶ 1; Doc. 10 ¶ 1.)[1] Kilibarda transported loads for Petersen until termination of their lease in June 2012. (Doc. 10 ¶ 1.) He submitted signed delivery receipts, but Petersen allegedly failed to pay the full amount due to Kilibarda. (Doc. 1 ¶¶ 38-40.) Petersen also charged Kilibarda more than it paid for various fees and never provided a written lease. (Doc. 1 ¶¶ 11, 33.)

Kilibarda filed suit against Petersen on June 27, 2012. (Doc. 1 ¶ 1.) Kilibarda alleges that his agreement with Petersen violated the federal "Truth-In-Leasing" regulations, 49 C.F.R. § 376, that govern such lease arrangements. (Doc. 1 ¶ 11; 49 C.F.R. § 376.) An authorized carrier such as Petersen may use leased equipment from an owner-operator such as Kilibarda only if that equipment is covered by a written lease agreement that contains certain provisions. 49 C.F.R §376.11-12. Kilibarda alleges that Petersen failed to provide a written lease agreement and that his course of conduct breached various obligations under those regulations. (Doc. 1 ¶ 11.) Kilibarda asserts claims of (1) unlawful provision of transportation services, (2) improper withholding of International Fuel Tax Agreement ("IFTA") refunds, (3) improper charge-backs, (4) unjust enrichment, and (5) unpaid loads.

Petersen now seeks to obtain a judgment on the pleadings. (Doc. 12 at 1.) It relies on Kilibarda's allegation in the Complaint that Petersen failed to comply with the regulations because the lease agreement was "non-existent." (*Id.* at 2; Doc 1. ¶¶ 13(a)-(d).) Petersen seeks judgment on the grounds that: (1) the Court cannot declare that a "non-existent" lease violates the Truth-In-Leasing regulations, (2) Kilibarda is not entitled to declaratory and injunctive relief because there is no threat of future harm, and (3) Kilibarda's remaining claims do not present federal questions so the case should be

---

[1] Kilibarda submitted an Affidavit as an exhibit with his Response to Petersen's Motion for Judgment on the Pleadings. (Doc. 16-1.) In ruling on such a motion, the Court cannot consider evidence outside the pleadings unless the motion is treated as one for summary judgment pursuant to F.R.C.P. Rule 56. *See* Fed. R. Civ. P. 12(d). Since Kilibarda presents similar legal arguments and factual allegations as in the Complaint and because the new information in the affidavit is not pertinent to Defendant's Motion, the Court will exclude the Affidavit from consideration.

dismissed for lack of subject matter jurisdiction.

In his Response to the Motion for Judgment on the Pleadings, Kilibarda moves for sanctions against Petersen under F.R.C.P. Rule 11(b). (Doc. 16 at 2.) Kilibarda contends that Petersen's position is contradictory and that Petersen is engaging in "unwarranted motion practice." (*Id.*) Petersen opposes and claims that Kilibarda himself has violated the same Rule 11 by failing to make this request separately from any other motion. (Doc. 20 at 5.)

## ANALYSIS

### I.     Motion for Judgment on the Pleadings

#### A.     Legal Standard

The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. *Caffaso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 n.4 (9th Cir. 2011). When analyzing a Rule 12(c) motion, the court must accept the nonmovant's allegations as true and construe factual allegations in the complaint in the light most favorable to the nonmovant. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011). Dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

In ruling on a motion for judgment on the pleadings, a court cannot consider evidence outside the pleadings unless the motion is treated as one for summary judgment

pursuant to F.R.C.P. Rule 56. *See* Fed. R. Civ. P. 12(d). The Court may, however, consider documents that are attached to the relevant pleading as exhibits or are "referenced extensively" in the pleading and "accepted by all parties as authentic." *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

### B.  The Truth-In-Leasing Regulations and the Lease Agreement

Leasing arrangements between authorized carriers and independent owner-operators are governed by the federal Truth-In-Leasing regulations. 49 C.F.R. § 376. Carriers such as Petersen may perform transportation using leased equipment only if that equipment is covered by a written lease agreement. *Id.* § 376.11(a). The agreement must specify the duration of the lease, compensation, insurance coverage and provide detailed documentation. *Id.* § 376.12. Owner-operators have a private right of action to enforce the Truth-In-Leasing regulations. 49 U.S.C. § 14704(a); *see Owner-Operator Indep. Drivers Ass'n v. Swift, Inc.,* 367 F.3d 1108, 1110 (9th Cir. 2004); *Owner-Operator Indep. Drivers Ass'n v. C.R. Eng., Inc.*, 325 F. Supp. 2d 1252, 1264 (D. Utah 2004).

Petersen admits that his operations with owner-operators such as Kilibarda fall within the Truth-In-Leasing regulations. (Doc. 10 ¶ 7.) However, Petersen contends that because Kilibarda alleges that the lease agreement is "non-existent," there is no agreement that violated federal regulations. (Doc 1. ¶ 13(a)-(d); Doc. 12 ¶ 2.) Kilibarda, however, has adequately alleged the existence of a lease agreement in his Complaint. He avers that he "entered into a federally-regulated lease agreement with Defendant" that "does not meet the requirements set forth in 49 CFR § 376.12 . . . because Defendant failed to provide a written lease." (Doc. 1 ¶¶ 9-11.) He also refers to the "termination of the lease agreement by Defendant" after Kilibarda had provided transportation services to Petersen. (*Id.* ¶ 38.) While describing the nature of the action, Kilibarda states that "all terms required by § 367.12 are missing" because there is no written lease. (Doc. 1 ¶ 11.) Taken in the context of the Complaint, Kilibarda's allegation that the "Defendant's Lease Agreement is non-existent" refers to the lack of a written agreement and not to the lack of

any agreement between the parties. (Doc. 1 ¶¶ 13(a)-(d).)

Pursuant to the terms of the regulations, Kilibarda may bring a cause of action to enforce the written lease requirement against Petersen. 49 C.F.R. § 376.2(d), (f). He may also request injunctive relief or actual damages "sustained . . . as a result of an act or omission of [a] carrier." 49 U.S.C. § 14704(a)(1)-(2); *Fulfillment Servs., Inc. v. United Parcel Serv., Inc.,* 528 F.3d 614, 616 (9th Cir. 2008). The lack of a written lease agreement is not a bar to bringing a claim under 49 C.F.R. § 376 but rather, an actionable omission of a carrier and a violation of the regulations. According to the Complaint, Petersen failed to provide a written lease containing the terms required under 49 C.F.R. § 367.12. As described in Kilibarda's first claim for relief, Petersen did not specify the amount of insurance charge-backs and compensation in writing. (Doc. 1 ¶ 13(b), (d).) Kilibarda may assert damages flowing from a violation of the writing requirement.

Kilibarda also alleges that Petersen's course of conduct and actions violate the obligations of authorized carriers under 49 C.F.R. § 376.12. In his first claim, Kilibarda contends that Petersen failed to: (1) pay him within fifteen days after turning in the requisite paperwork, (2) provide a prorated share of the base plate fee refund, and (3) issue a certificate of insurance that describes the coverage costs as required by the statute. (Doc. 1 ¶¶ 14-15.) In his fourth claim, Kilibarda alleges that Petersen violated 49 C.F.R. § 376.12(h) by over-charging him for base plate, insurance and fuel fees. (*Id.* ¶¶ 32-36.)

Petersen contends that Kilibarda's claim regarding improper withholding of IFTA refunds should be dismissed because Kilibarda disavows the existence of a lease agreement. (Doc. 12 at 3.) Since Kilibarda does assert the existence of an agreement, he has adequately alleged improper withholding of refunds that the parties had agreed would be remitted to Kilibarda. Because Kilibarda has stated valid claims arising under federal regulations, the state law claims of unjust enrichment and breach of contract may proceed in the same action. 28 U.S.C. § 1367(a).

/ / /

- 5 -

### C. Injunctive and Declaratory Relief

Petersen argues that Kilibarda is not entitled to declaratory and injunctive relief, because there is no threat of future harm for which to grant equitable relief. (Doc. 20 at 3.) Kilibarda "denies the existence of any written contractual relationship between the parties" and he no longer transports loads for Petersen. (*Id.*; Doc. 1 ¶ 38.)

Kilibarda seeks to enjoin Petersen from performing transportation in equipment it does not own until it enters into written lease agreements conforming to the Truth-In-Leasing regulations. (Doc. 1 ¶ 40.5.) The regulations provide a private cause of action for injunctive relief. *See* 49 U.S.C. § 14704(a)(1). However, a plaintiff seeking injunctive relief must allege facts from which it appears there is "the likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974)). Kilibarda has not alleged that he has or will have an ongoing leasing arrangement with Petersen. He ceased providing transportation services to Petersen and the lease arrangement was terminated in June 2012. (Doc. 10 ¶ 1.) Since a "real and immediate threat of repeated injury" is not apparent from the alleged facts, Kilibarda is not entitled to injunctive relief.

## II. Motion for Leave to Seek Sanctions

A party requesting sanctions under Rule 11 must move separately from any other motion and describe the specific conduct that allegedly violates Rule 11(b). *See* Fed. R. Civ. P. 11(c)(2). The purpose of Rule 11 is to deter baseless filings in the federal court system. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).   An objective standard of reasonableness is applied to determine whether a litigant has met his Rule 11 duties. *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). Counsel's subjective belief in the propriety of the pleading is irrelevant in determining if Rule 11 has been violated. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). Under the objective test of reasonableness, the court considers whether "a

competent attorney would have a good faith argument for the legal theory advanced after a reasonable inquiry into the facts and the law." *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds*, *Cotter & Gell*, 496 U.S. at 399.

Kilibarda did not file his Motion for Leave to Seek Sanctions separately. He included it in his Response to Petersen's Motion for Judgment on the Pleadings. (Doc. 16 at 2.) Therefore, his Motion is denied because it does not comply with the procedure outlined in Rule 11. As to the merits of Kilibarda's Motion, the Court finds that Petersen did not file the Motion for Judgment on the Pleadings for any improper purpose. Petersen is not arguing against the application of the writing requirement of the Truth-In-Leasing regulations. (Doc. 16 at 2.) Rather, Petersen points to an alleged defect in Kilibarda's Complaint in denying the *existence* of a lease agreement and simultaneously attempting to enforce the regulations governing such leases. (Doc. 12 at 3.) Although the Court finds that Kilibarda does not deny the existence of the lease agreement, Petersen's argument is reasonable and his Motion is not a baseless filing.

## CONCLUSION

Kilibarda has adequately alleged the existence of a lease agreement for commercial transportation with Petersen. Kilibarda may proceed with his claims for damages relating to violations of those provisions. However, Kilibarda is not entitled to injunctive relief because he has not alleged a threat of future harm and there is no longer a leasing arrangement between the parties.

The Court finds that Kilibarda has improperly filed his Motion for Leave to Seek Sanctions and that in any event, the Motion does not have merit.

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings of M. Bjorn Petersen Transportation, Inc. (Doc. 12) is **GRANTED IN PART and DENIED IN PART**.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that the Motion for Leave to Seek Sanctions of Petar Kilibarda (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suspend the Court Ordered Deadlines Set Forth in the September 10, 2012 Case Management Order (Doc. 25) is **DENIED** as moot.

Dated this 19th day of December, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge